UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMONETTA VESPUCCI SUTTON,

Plaintiff,

Case No. 20-cv-11656

v.

UNITED STATES DISTRICT COURT
JUDGE GERSHWIN A. DRAIN

MOUNTAIN HIGH INVESTMENTS, LLC,
ET AL.,

Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND [#5]; GRANTING DEFENDANT'S MOTION TO DISMISS [#2]

### I. INTRODUCTION

On March 3, 2020, Plaintiff Simonetta Vespucci Sutton ("Plaintiff"), proceeding *pro se*, filed her Complaint against Mountain High Investments, LLC, Inheritance Funding Group 1, LLC, Premium Homes Realty, LLC, Realty Shares REO, LLC, and Bowman K. Mitchell for quiet title. ECF No. 1-2, PageID.25. Defendant Realty Shares REO, LLC ("Defendant") removes this action to this Court on June 23, 2020. ECF No. 1.

Presently before the Court is Defendant's to Dismiss. ECF No. 2. Plaintiff's Motion to Remand, which she filed after Defendant's Motion to Dismiss on August

-1-

12, 2020, is also before the Court.  ECF No. 5.  These two pending motions are fully briefed.  Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter.  Accordingly, the Court will resolve these two pending motions on the relevant briefs.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Court will **DENY** Plaintiff's Motion to Remand [#5] and **GRANT** Defendant's Motion to Dismiss [#2].

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff seeks quiet title to a property in Detroit, Michigan (hereinafter, the "Property").  The parties agree that Plaintiff obtained title to the Property in 2009. ECF No. 5, PageID.518; ECF No. 6, PageID.645.  She and her husband obtained title to the Property by way of a Covenant Deed on January 16, 2009.  ECF No. 6, PageID.645.  On September 1, 2016, they jointly executed a quit claim deed to the Property, effectively transferring the deed to Plaintiff alone.  *Id.*  The deed states that the transfer was for $1.00.  ECF No. 2, PageID.213.

In her instant action, Plaintiff identifies six claims: quiet title (Count I), wrongful foreclosure (Count II), unjust enrichment (Count III), silent fraud (Count IV), request for conversion to judicial foreclosure (Count V), and injunction relief (Count VI).  *See* ECF No. 1-2.

### A. Property Transfer to Mountain High Investments, LLC: January 2017

-2-

According to Defendant, Plaintiff executed another quit claim deed on the Property in favor of named defendant Mountain High Investments, LLC ("Mountain High Investments") on January 20, 2017.  ECF No. 6, PageID.645.  Defendant also claims that Mountain High Investments granted a mortgage on the Property to an entity called Premium Homes Realty, LLC ("Premium Homes Realty"), another named defendant, on January 23, 2017.  *Id.* at PageID.646.  On that same day, the mortgage was purportedly partially assigned: half of which was assigned to Premium Home Realty and the other half assigned to an individual named Bowman K. Mitchell, another named defendant.  *Id.*

On May 19, 2017, Mountain High Investments allegedly sold the Property to an entity called Inheritance Funding Group I, LLC ("Inheritance Funding Group I"), a third named defendant, through a warranty deed.  *Id.* at PageID.647.  Inheritance Funding Group I then allegedly obtained a mortgage from RS Lending, Inc., which is one of Defendant's affiliates.  *Id.*

### B. Defendant's Involvement, Plaintiff's Bankruptcy Proceeding, and the Trustee's Subsequent Settlement: October 2017 – June 2019

Defendant claims that on October 27, 2017, the RS Mortgage was assigned to it through an "Assignment of Note."  *Id.* at PageID.648.  It claims that Inheritance Group I failed to pay the RS Mortgage loan.  *Id.*  On August 16, 2018, Defendant explains that the Property was auctioned off by the Wayne County Sheriff's Office; the RS Mortgage was foreclosed; and a Sheriff's Deed on Mortgage Sale was

executed in favor of it.  *Id.*  The parties do not dispute that the Sheriff's Sale occurred on this date.  ECF No. 5-3, PageID.587; ECF No. 6, PageID.648.

On May 11, 2018, Plaintiff filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division (hereinafter, "Bankruptcy Court") (#18-46980). ECF No. 6, PageID.648.   In her Complaint, Plaintiff attests that her bankruptcy case was dismissed.  ECF No. 1-2, PageID.27.   Defendant contests this claim, asserting that Plaintiff's case was completed on the merits.  ECF No. 6, PageID.649.  According to Defendants:

> The bankruptcy schedules filed on June 4, 2018 that [Plaintiff] signed under penalty of perjury failed to disclose any interest whatsoever in the Property, failed to disclose any mortgage on the Property, failed to disclose any lease or other interest in the Property and failed to disclose the 2017 Quit Claim Deed transfer on her State of Financial Affairs, Question no. 18. Exhibit K at p. 3, question no. 1. At the time of her discharge, Plaintiff was at least four transactions removed from the Property.  The legal title to the Property had nothing to do with Plaintiff.

*Id.* at PageID.649 (emphasis omitted).

Following Plaintiff's bankruptcy case, the Bankruptcy Trustee for the Bankruptcy Estate of Plaintiff sued all of the defendants in the present matter in an attempt to gain quiet title of the Property. *Id*.  According to Defendant, a Default Judgment was entered by the Bankruptcy Court against named defendants Mountain High Investments, Inheritance Funding Group I, Premium Homes Realty, and Bowman K. Mitchell on November 28, 2018.  *Id.*  Defendant claims that the Default

-4-

Judgment did not adjudicate or affect its own interest in the Property. *Id.* at PageID.650.

Defendant asserts that the Trustee settled its remaining claims from the Bankruptcy Estate in June 2019. *Id.* The parties' settlement agreement was entered on July 2, 2019. *Id.* Defendant claims that "the Order Approving the Settlement with RealtyShares REO LLC abandoned the Property out of the bankruptcy estate, meaning the Trustee on behalf of [Plaintiff] agreed the Trustee, standing in Plaintiff['s] shoes, had no interest in the Property as a result of the Settlement." *Id.* Plaintiff does not mention this settlement agreement in its present briefs.

### C. Plaintiff's Complaint and Present Motions

Plaintiff commenced the instant action with the Wayne County Circuit Court on or about March 3, 2020. ECF No. 1-2. In her Complaint, Plaintiff alleges that she "attempted to make the monthly payments to Defendant(s) through Mountain High Investments, LLC" but was turned away and refused a line of communication. *Id.* at PageID.27. Plaintiff avers that this bar from communication resulted in her need to file both a Chapter 7 and 13 Bankruptcy. *Id.* Further, Plaintiff asserts that, even after her bankruptcy case was dismissed, she attempted to communicate with the Defendant(s) to continue making payments. *Id.* at PageID.27–28. Moreover, Plaintiff claims that during the redempetion period, Defendant(s) refused to allow

her to redeem the Property before the redemption period expired.  *Id.* at PageID.28.
The Sheriff's Sale occurred on August 16, 2018.  *Id.*

On June 23, 2020, Defendant filed a Notice of Removal.  ECF No. 1.  In its
Notice, Defendant claims that it has not been served properly because its "resident
agent was not personally served."  *Id.* at PageID.7.  Moreover, Defendant claims that
"none of the [other] defendants were properly joined or served."  *Id.*

On August 12, 2020, Plaintiff filed her present Motion to Remand.  ECF No.
5.  In her Motion, Plaintiff argues that Defendant has failed to meet the statutory
requirement for removal from the Wayne County Circuit Court to this Court.
Specifically, Plaintiff claims that: (1) federal jurisdiction does not exist because the
removal was untimely and (2) diversity jurisdiction does not exist because several
defendants are located in the State of Michigan.  *Id.* at PageID.520–21.  Moreover,
Plaintiff requests this Court to enter a default judgment against Defendant.  *Id.* at
PageID.514.

On August 26, 2020, Defendant filed its Response to Plaintiff's Motion.  ECF
No. 6.  Defendant asserts that it was never properly served a copy of the Summons
and Complaint.  *Id.* at PageID.653.  According to Defendant, it received a copy of
Plaintiff's Motion and the attached Proof of Service, which details that Plaintiff sent
a copy of the Summons and Complaint by registered or certified mail.  *Id.*  Defendant
emphasizes:

[u]nless and until [it] is correctly served pursuant to Michigan Court Rules, the time to remove does not even begin to run. … Here, [it] has never been formally served pursuant to Michigan Court Rules and as such, the thirty day removal period has not even begun to run.

*Id.* at PageID.654.

Defendant also opposes Plaintiff's request for a default judgment. According to Defendant, Plaintiff "misrepresented that Defendant had been served" and that was the sole reason the default was entered by a state court clerk. *Id.* at PageID.664. Therefore, Defendant claims that Plaintiff's request for default judgment should be dismissed for the reasons stated in their separate Motion to Dismiss.

Defendant filed its separate Motion to Dismiss on the same day it removed this action to this Court. ECF No. 2. In its Motion, Defendant argues that Plaintiff's Complaint should be dismissed for four reasons: (1) Plaintiff previously sold her interest in the Property; (2) Plaintiff is barred by *res judicata*; (3) Plaintiff has no interest in the Property in light of a valid foreclosure by Defendant and the expiration of the redemption period; and (4) the Complaint fails to plausibly state any factual basis for relief. *Id.* at PageID.212.

In her Response, Plaintiff alleges that she is the owner of the Property and that Defendant's claims as to its own interest in the Properly are "without merit." ECF No. 11, PageID.893. She avers that she has suffered damages as a result of Defendant's "wrongful claim to an interest" in the Property. *Id.* In her Response,

Plaintiff maintains that her bankruptcy proceeding was dismissed. *Id.* at PageID.890. Defendant filed a timely Reply. ECF No. 12.

### III. LAW & ANALYSIS

### A. Plaintiff's Motion to Remand (ECF No. 5)

### 1. Legal Standard

The federal district courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests with the defendant as the party removing the case and asserting federal jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). "All doubts as to the propriety of removal are resolved in favor of remand." *Haynes v. JPMorgan Chase Bank, N.A.*, No. 11-13858, 2011 WL 4595271, at *1 (E.D. Mich. Oct. 3, 2011) (internal quotation marks and citations omitted).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Cases may be removed under federal question jurisdiction or on the basis of diversity of citizenship. *Id.* The removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is

based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

Motions to remand to state court "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

## 2. Analysis

### a. Defendant's Removal Was Proper

As an initial matter, the Court takes notice of Plaintiff's assertion that she initially submitted her present Motion via Federal Express mailing on July 22, 2020. ECF No. 5, PageID.508. Plaintiff attached a copy of her Federal Express delivery receipt as an exhibit to her Motion. ECF No. 5-3, PageID.576. She requests the Court accept her filing as July 23, 2020, "the date that the document was received by the Clerk's Office," rather than August 12, 2020, the date of her Motion's filing on the Court's CM/ECF docket. *Id.* at PageID.509.

In its Response, Defendant contends that Plaintiff's Motion is untimely pursuant to 28 U.S.C. § 1447(c). ECF No. 6, PageID.666. While the Court denotes Plaintiff's untimely efiling, it recognizes that Plaintiff is proceeding in this matter

pro per.  Generally, a pro per's filings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1976).  In light of this less stringent standard, the Court will proceed to the merits of Plaintiff's Motion below.[1]

Plaintiff first argues that federal jurisdiction does not exist because Defendant's removal was untimely.  ECF No. 5, PageID.521.  She explains that Defendant was served on March 27, 2020 and a default was entered on June 19, 2020.  Plaintiff asserts that Defendant thus had until April 24, 2020 to remove this case.  *Id.*

Defendant emphasizes in its Response, however, that it was never properly served with a copy of the Summons and Complaint.  First, Defendant points to Exhibit 8 of Plaintiff's Motion—which includes copies of Plaintiff's Proof of Service via First Class Certified Mail—to demonstrate its absent signature.  *See* ECF No. 6, PageID.653.  Defendant also attached a copy of this Proof of Service as Exhibit P to its Response.  ECF No. 6-17.  The Court thus agrees with Defendant that there is no basis to find proper service.

---

[1] In making this decision, the Court takes notice of Plaintiff's assertion in her first footnote of her Motion: "[t]his document was drafted or partially drafted with the assistance of a lawyer licensed to practice in the State of Michigan pursuant to MRPC 1.2(b)."  ECF No. 5, PageID.508 n.1.  Without knowing more on the extent of the lawyer's assistance, the Court declines to hold Plaintiff's filing to a more stringent standard.

Moreover, the Court agrees with Defendant that it was not properly served pursuant to Michigan Court Rule 2.105(D).  This rule provides service of process on a domestic corporation may be made by:

(1) serving a summons and a copy of the complaint on an officer or the resident agent;

(2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation *and* sending a summons a copy of the complaint by registered mail, addressed to the principal office of the corporation.

(3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;

MCR 2.105(D)(1)–(3) (emphasis added).  Service can also be effected by "sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division" under certain circumstances, none of which are applicable here.  MCR § 2.105(D)(4).

While Plaintiff may have fulfilled the certified mail portion of the § 2.105(D)(2) requirements, ECF No. 6-17; ECF No. 5-2, PageID.560, her failure to allege that the service by certified mail was accompanied by personal service "on a director, trustee, or person in charge of an office or business establishment" defeats her argument that Defendant was properly served on March 27, 2020.  As other

-11-

courts within this District have recognized, § 2.105(D)(2) requires serving a Summons and a copy of the Complaint, as well as sending a Summons and a copy of the Complaint by registered mail. *Wheeler v. Fed. Nat. Mortg. Ass'n*, No. 12-13685, 2013 WL 449918, at *3 (E.D. Mich. Jan. 4, 2013) (concluding that plaintiff's motion to remand should be denied after determining that she failed to fulfill both requirements of § 2.105(D)(2)); *State Farm & Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, No. 05-74700, 2007 WL 127909, at *3–4 (E.D. Mich. Jan. 11, 2007) (finding that a plaintiff's delivery of the Summons and Complaint by registered mail was not proper service under § 2.105(D)(1)); *see also Etherly v. Rehabitat Sys. Of Mich.*, No. 13-11360, 2013 WL 3946079, at *5 (E.D. Mich. Jul. 31, 2013) ("Together, [Fed. R. Civ. P. 4(h) and MCR § 2.105(D)] make plain that 'serving' is separate and distinct from 'sending' by mail."). To reiterate once more, Plaintiff failed to serve a Summons and a Complaint on an officer or a resident agent for Defendant; she instead only sent a copy of the Summons and Complaint by registered mail, which appears to be without a signature.

The Court disagrees with Plaintiff that MCR 2.105(D) is a "non-issue" since Defendant "receive actual notice under MCR 2.105(J)(3)." ECF No. 7, PageID.868. This rule provides that "[a]n action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service." MCR § 2.105(J)(3). Plaintiff's reliance on this

subsection is misplaced. This subsection only applies when dismissal is sought on the ground that service of process was improper. *See Hamilton Beach/Proctor-Silex, Inc.*, 2007 WL 127909, at *5. As Defendant emphasizes in its Response, the basis for its separate Motion to Dismiss (ECF No. 2) is not that service was improper; rather, Defendant argues that this matter should be dismissed on the merits for multiple reasons. ECF No. 6, PageID.655. Specifically, Defendant asserts that it filed its Motion to Dismiss

> based upon the lack of any interest of the Plaintiff in the Property given that she conveyed her interest in the Property years ago by quit claim deed, is barred by *res judicata*, the Bankruptcy Court found that [Defendant] had fee simple title to the Property by way of the foreclosure sale and that the redemption period has long since expired as well as that the Complaint fails to plausibly state any factual basis for relief.

*Id.* The Court will address these arguments in a separate analysis of Defendant's Motion.

Moreover, the Court emphasizes that Defendant's knowledge of the present action does not render service proper under MCR 2.105(J)(3). As another court in this District has explained, a defendant's constructive notice of a matter is "irrelevant to the fact that the 30-day period was not triggered until service had been properly affected." *Wheeler*, 2013 WL 449918, at *3. Here, while it is clear Defendant had constructive notice of Plaintiff's Complaint, as it removed this case to this Court on June 23, 2020, the 30-day timeline would still not commence until it was properly

served with the Summons and Complaint pursuant to § 2.105(D).  *See id.* (citing *Wallace v. Interpublic Grp. of Co., Inc.*, No. 09-11510, 2009 WL 1856543, at *2 (E.D. Mich. Jun. 29, 2009)).   Plaintiff cannot ignore the technical service requirements in lieu of Defendant's constructive notice of her Complaint.

Plaintiff next argues that diversity jurisdiction does not exist because the other named defendants are located in the State of Michigan.  ECF No. 5, PageID.521.  As summarized *supra*, Mountain High Investments is a Michigan limited liability company located in Eaton Rapids, MI and conducts business in Wayne County, Michigan; Inheritance Funding Group 1 is a Michigan limited liability company located in Grosse Pointe, MI and also conducts business in Wayne County, Michigan; and Premium Homes Realty is a Michigan limited liability company located in Brighton, Michigan and similarly conducts business in Wayne County, State of Michigan.  *Id.* at PageID.521–22.  Plaintiff contests Defendant's assertion that none of these other defendants were properly joined or served.   *Id.* at PageID.522.

"Fraudulent joinder occurs when the non-removing party joins a part against whom there is no colorable cause of action."  *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citation omitted).   In order to prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff "could not have established a cause of action against non-diverse defendants

under state law." *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564–65 (6th Cir. 2015 (citation omitted). Accordingly, in order to defeat the present Motion, Defendant must show that Plaintiff could not establish a cause of action under Michigan law against the other defendants for any of the claims asserted in her Complaint. Before a court can find fraudulent joinder, it must "be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (internal quotation marks and citation omitted). A court does not weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. *Wolf v. Bankers Life & Cas. Co.*, 519 F. Supp. 2d 674, 687 (W.D. Mich. 2007) (internal quotation marks and citation omitted).

Here, Defendant argues that the other defendants' interest, namely Mountain High Investments, Inheritance Funding Group I, Premium Homes Realty, and Bowman K. Mitchell, have all been adjudicated by the Bankruptcy Court in Plaintiff's Chapter 7 bankruptcy proceeding. ECF No. 6, PageID.658. Upon close review of the attached exhibits, the Court agrees with Defendant that the other named defendants did not have interest in the Property following the bankruptcy proceedings. Defendant attached the Bankruptcy Court's order granting default judgment against the other defendants as an exhibit to its Response. ECF No. 6-14. The order makes clear that default judgment was entered against Mountain High

-15-

Investments, Inheritance Funding Group 1, Premium Homes Realty, and Bowman

K. Mitchell.  *Id.* at PageID.788.  Moreover, the order states:

> As against only Mountain High Investments, LLC, Inheritance Funding
> Group 1, LLC, Premium Homes Realty, LLC, and Bowman K.
> Mitchell, the real property … is property of the estate which may be
> sold by the Trustee pursuant to 11 U.S.C. § 363.  Such a determination
> is made under either Count I because the Plaintiff is entitled to have
> title to the Property quieted in his favor and turned over pursuant to 11
> U.S.C. § 542, or in the alternative, under Count II because any transfer
> of the Property is avoided pursuant to 11 U.S.C. § 548 and recovered
> for the benefit of the bankruptcy estate under 11 U.S.C. § 550.  *In either
> scenario, as to the Defaulting Defendants only, the Property is deemed
> property of the estate.*

*Id.* at PageID.789 (emphasis added).  The default judgment demonstrates that any

interest in the Property that could have been asserted by the other named defendants

as against the Bankruptcy Estate was avoided.  The Court thus finds that the other

named defendants are thus not properly joined and served pursuant to 28 U.S.C.

§ 1441(b).

Moreover, the Court takes notice that the Property was conveyed from

Mountain High Investments to Inheritance Funding Group I via Warranty Deed on

May 19, 2017.  ECF No. 6-7.  This deed also reflects a purchase price for the

Property of $265,000.  *Id.* at PageID.686.  Inheritance Funding Group I then

mortgaged the Property to Defendant's affiliate, RS Lending, Inc.  ECF No. 6-8.  On

October 27, 2017, RS Lending, Inc. assigned the mortgage to Defendant in an

"Assignment of Note."  ECF No. 6-9.  This assignment was recorded on January 18,

2018.  *Id.*  As a result of Inheritance Funding Group I failing to pay on the mortgage, RS Lending, Inc. foreclosed upon the Property.  The foreclosure sale occurred on August 16, 2018.  ECF No. 6-10.  The last day to redeem the property was February 18, 2019.  *Id.* at PageID.715.  At the time Plaintiff filed for Chapter 7 bankruptcy relief in the Bankruptcy Court, she failed to disclose any legal or equitable interest in the Property.  ECF No. 6-12, PageID.730.

Notably, Plaintiff does not address fraudulent joinder in her Motion, nor does she respond to any of Defendant's arguments concerning fraudulent joinder in her Reply.  For the reasons discussed *supra*, as well as the analysis below on Defendant's separate Motion to Dismiss, the Court finds that, even when construing any issues of fact in Plaintiff's favor, she has failed to state a colorable cause of action against the other named defendants.  Accordingly, the Court finds that the other defendants have been fraudulently joined as non-diverse parties by Plaintiff, and this Court can retain jurisdiction over this action.  *See Timmis v. Boston Sci. Corp.*, No. 12-10232, 2012 WL 232583 (E.D. Mich. June 19, 2012) (finding that plaintiff failed to state a colorable cause of action against a non-diverse party, even when considering the evidence submitted by both parties and construing any issues of fact in the plaintiff's favor).

In sum, Plaintiff's service was ineffective pursuant to MCR § 2.105(D).  Moreover, the Court finds that the other defendants were fraudulently joined as non-

diverse parties to this action.  Accordingly, Defendant's removal of this action to this Court on June 23, 2020 was proper and this Court can retain jurisdiction.  The Court will thus deny Plaintiff's Motion to Remand.

### b.  The State Court's Entry of Default Shall be Set Aside

In her present Motion to Remand, Plaintiff also requests an entry for default judgment against Defendant pursuant to MCR 2.603.  ECF No. 5, PageID.522.  A default was entered against Defendant on June 19, 2020.  ECF No. 5-2, PageID.559. Plaintiff now argues that Defendant cannot show good cause to avoid an entry of default judgment in this matter.  ECF No. 5, PageID.522.  She asserts that because Defendant was served with a copy of the Complaint on March 27, 2020, it had until April 24, 2020 to file its Answer and it failed to do so.  *Id.*  Moreover, Plaintiff argues that Defendant does not have a meritorious defense to set aside the default.  *Id.* at PageID.525.

Subject matter jurisdiction over this case is based on diversity of citizenship, and therefore the *Erie* Doctrine requires the Court to apply state substantive law and federal procedural law.  *Moore v. Indus. Maintenance Serv. of Tennessee, Inc.*, 570 F. App'x 569, 573–74 (6th Cir. 2014) (citations omitted); *see also Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (citation omitted).  The Court will thus analyze Plaintiff's default judgment argument under Federal Rule of Civil Procedure 55.

-18-

Under Rule 55(c), "the court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  The Sixth Circuit has explained that district courts should consider three factors to determine whether "good cause" exists: (1) whether the plaintiff would be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the culpable conduct of the defendant led to the default.  *United States v. Real Property, All Furnishings Known as Bridwell's Grocery*, 195 F.3d 819, 820 (6th Cir. 1999) (citations omitted).  District courts have "considerable latitude under the good cause shown standard of Rule 55(c) to grant a defendant relief from a default entry."  *Id.* (internal citations and quotation marks omitted). Importantly, the Sixth Circuit has indicated a "strong preference for trial on the merits."  *Id.* (citations omitted).  Moreover, when weighing a motion to set aside a default under Rule 55(c), "all ambiguous or disputed facts should be construed in the light most favorable to the defendant."  *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (citation omitted).

Here, Plaintiff's failure to effect proper service pursuant to MCR 2.105(D) provides grounds for setting aside the state court's default.  *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003) (concluding that the district court did not err in setting aside entry of default judgment on the basis that plaintiff "had not properly effected service of process").  In light of the Court's conclusion above that the 30-day timeline to remove did not commence for Defendant since it

was not properly served with the Summons and Complaint pursuant to § 2.105(D), the Court finds that there was no culpable conduct that led to the default.

Moreover, Plaintiff has not shown that her case would be prejudiced by setting aside the default. The Sixth Circuit has explained that a plaintiff "must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion" in order to establish prejudice. *Berthelsen v. Kane*, 907 F.2d 617, 621(6th Cir. 1990). Notably, Plaintiff does not allege in her briefs that setting aside the default will cause any prejudice. The Court finds that setting aside the default would not meaningfully affect Plaintiff's ability to present her case. *See Wheeler v. Fed. Nat. Mortg. Ass'n*, No. 12-13685, 2013 WL 449918, at *4 (E.D. Mich. Jan. 4, 2013). It is clear to this Court that the default was entered in the state court only after Plaintiff submitted that Defendant was properly served. *See* ECF No. 5-2, PageID.559.

As to the third factor, the Court finds that Defendant has established a meritorious defense. The Sixth Circuit has explained that in determining whether a defaulted defendant has a meritorious defense, "likelihood of success is not the measure … rather, if *any* defense relied upon states a defense good at law, then a meritorious defense has been advanced." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398–99 (6th Cir. 1987) (internal alterations and citation omitted) (emphasis in original). In its Response, Defendant asserts that it has several

meritorious defenses to all of Plaintiff's claims, including *res judicata*, lack of standing, and bankruptcy nondisclosure.  ECF No. 6, PageID.666.

Plaintiff contests Defendant's argument, asserting that Defendant "does not have a meritorious defense in that [it] unlawfully foreclosed on the subject property in breach of Quiet Title statues and case law."  ECF No. 7, PageID.872.  The Sixth Circuit has explained, however, that a party "does not need to demonstrate a likelihood of success to establish that a defense is meritorious." *Amernational Indus. V. Action-Tungsram, Inc.*, 925 F.2d 970, 977 (6th Cir. 1991)).  At this juncture, the Court need only consider the possibility that Defendant may win the case on the merits.  *See Wheeler*, 2013 WL 449918, at \*5.  While further discussion of the defenses, as they are presented in Defendant's separate Motion to Dismiss, is inappropriate in the present analysis, the Court finds that Defendant's asserted defenses are, at minimum, meritorious.

In sum, all three factors weigh in favor of setting aside the default. Accordingly, the Court finds that Defendant has established good cause to set aside the default pursuant to Federal Rule of Civil Procedure 55(c).  The Court will thus proceed to the merits of Defendant's Motion to Dismiss in the next section.

### B. Defendant's Motion to Dismiss (ECF No. 2)

#### 1.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting FED. R. CIV. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (applying the plausibility standard articulated in *Twombly*).

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of his factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). While courts are required to accept the factual allegations in a complaint as true, *Twombly,* 550 U.S. at 556, the presumption of truth does not apply to a claimant's legal conclusions. *See Iqbal,* 556 U.S. at 678. Therefore, to survive a motion to dismiss, the plaintiff's pleading for relief must provide "more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555) (internal citations and quotations omitted).

As relevant for the present Motion, "documents attached to the pleadings become part of the pleading and may be considered." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 335 (6th Cir.2007) (citing Fed. R. Civ. P. 10(c)). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted).  Moreover, the court may consider any exhibits attached to a motion to dismiss so long as they are referred to in the complaint and are central to the asserted claims. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

### 2.  Analysis

As indicated *supra*, Defendant presents several grounds for the Court to dismiss Plaintiff's Complaint in its present Motion.   ECF No. 2, PageID.212. Specifically, Defendant argues (1) Plaintiff previously sold her interest in the Property in 2017; (2) Plaintiff's claims are barred by *res judicata*; (3) a valid foreclosure extinguished Plaintiff's interest in the Property and the redemption

period has since expired; and (4) Plaintiff's Complaint fails to plausibly state any factual basis for relief.  *Id.*

Defendant asserts that each of Plaintiff's six counts rely on two allegations in her Complaint: that Plaintiff claims an interest in the Property (¶9) and that Plaintiff attempted to make monthly payments to Defendant(s) through Mountain High Investments, but Defendant(s) refused to communicate with her (¶16).  *Id.* at PageID.219 (citing ECF No. 1-2, PageID.27).   To reiterate, Plaintiff brings the following claims in her Complaint: quiet title (Count I); wrongful foreclosure (Count II); unjust enrichment (Count III); silent fraud (Count IV); request for conversion to judicial foreclosure (Count V); and injunction relief (Count VI).

As an initial matter, the Court denotes one of Defendant's arguments concerning Plaintiff's lack of standing to state a claim to the Property.  ECF No. 2, PageID.220, 224–27.  Defendant contends that Michigan courts "have long held that a plaintiff is barred from challenging a foreclosure sale after the right to redemption has passed."  *Id.* at PageID.224 (citing *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514 (Mich. 1942)).   It asserts that Plaintiff cannot challenge the foreclosure and Sherriff's Deed that took place in August 2018, whether analyzed as an issue of standing or as a merits-based challenge.  *Id.* at PageID.225.

Michigan courts are divided as to whether this presented issue is one of standing, *see, e.g.*, *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL

1507342 (Mich. Ct. App. May 28, 2009), or a determination on the merits, *see, e.g.*, *El-Seblani v. IndyMac Mortg. Svs.*, 510 F. App'x 425, 429–30 (6th Cir. 2013). *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (recognizing the split among district courts). No matter how this issue is analyzed, the Sixth Circuit has explained that a plaintiff-mortgagor must meet a high standard in order to have a foreclosure set a side after the lapse of a statutory redemption period. *Id.* at 359–60.

Another court in this District analyzed a plaintiff's challenge to foreclosure proceedings after an expired redemption period. *Collins v. CitiMortgage, Inc.*, 974 F. Supp. 2d 1034, 1038–39 (E.D. Mich. 2013). In *Collins*, the court took notice that the plaintiff commenced her action "well after" the sheriff's sale date, January 18, 2012, and the redemption period's expiration date six months later. *Id.* at 1038. The court thus determined that the challenged foreclosure could not be set side without a "strong" showing of fraud or irregularity in the foreclosure proceedings. *Id.* at 1038–39. The court ultimately determined that the plaintiff failed to allege any facts to support her claim of impropriety in the foreclosure proceedings and her challenge to the foreclosure sale must be dismissed. *Id.*

Here, the Court agrees with Defendant's argument that a valid foreclosure in August 2018 extinguished Plaintiff's interest in the Property and the redemption period has long expired. ECF No. 2, PageID.224; *see also* ECF No. 12, PageID.906.

Plaintiff fails to allege any fraud or irregularities in her Complaint related to the foreclosure proceeding. Rather, she purports generally that "Defendant(s) failed to communicate with [her] and went forward with the Sheriff's Sale, and ultimately refused to allow [her] to redeem the subject property before the expiration of the redemption period on February 16, 2019." ECF No. 1-2, PageID.30. Such a general allegation is insufficient to demonstrate "a clear showing of fraud, or irregularity" related to the foreclosure proceeding itself.

Moreover, the Court denotes that on July 2, 2019, five months after the statutory redemption period expired, the Bankruptcy Court held that Plaintiff had no interest in the Property in light of the Sheriff's Sale. ECF No. 2-16. Specifically, the court ordered that, through the Sherriff's Deed dated August 16, 2018, Defendant has fee simple title to the Property "free and clear of any interest" of Plaintiff. *Id.* at PageID.379. There was no appeal taken of the Court's Order Granting Trustee's Motion for Authority to Compromise Adversary Proceeding Case No. 18-0491.

Accordingly, the Court agrees with Defendant that Plaintiff's challenge to the foreclosure sale is without merit. The Court will thus dismiss Plaintiff's real property claims (Counts I and II). Defendant also argues that Plaintiff's other four counts are derivative of the real property claims and thus fail as well. ECF No. 12,

PageID.907.  Out of an abundance of caution, the Court will address Plaintiff's

individual claims in detail below.[2]

### a.  Quiet Title (Count I)

Plaintiff first alleges a claim for quiet title (Count I).  She alleges that "the

Defendant(s) knew or should have known that Plaintiff had a financial interest in the

subject property."  ECF No. 1-2, PageID.28.  In her Response to the present Motion,

Plaintiff argues that "the Sheriff's Deed has created a cloud on the title to the Subject

Property that can only be resolved through a quiet title action by Plaintiff against

Defendants."  ECF No. 11, PageID.894.

Mich. Comp. Laws § 600.2932, which Plaintiff cites to in her Response,

provides, in relevant part:

> Any person, whether he is in possession of the land in question or not,
> who claims any right in, title to, equitable title to, interest in, or right to
> possession of land, may bring an action in the circuit courts against any
> other person who claims or might claim any interest inconsistent with
> the interest claimed by the plaintiff, whether the defendant is in
> possession of the land or not.

MCL § 600.29232(1).  The Sixth Circuit has determined, however, that "quiet title

is  a  remedy,  not  a  freestanding  claim.    Like  a  request  for  an  injunction  or

---

[2] As indicated *supra*, Defendant presents several grounds for the Court to dismiss
Plaintiff's present claims.  *See* ECF No. 2, PageID.220.  Because the Court has
determined that Plaintiff lacks interest in the Property based on the foreclosure and
expiration of the redemption period, and as explained *infra*, the remaining non-
property claims independently fail, the Court will decline to address Defendant's
other arguments in its Motion.

disgorgement, a request for quiet title is only cognizable when paired with some recognized cause of action." *Jarbo v. Bank of N.Y. Mellon*, 587 F. App'x 287, 290 (6th Cir. 2014) ("Because the [plaintiffs] assert their quiet title claim as a discrete count, the district court was correct to dismiss it.").

Moreover, MCR 3.411 provides that complaints asserting quiet tile claims under MCL § 600.2932 must allege "(a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." *Haywood v. RoundPoint Mortg. Servicing Corp.*, No. 18-10111, 2018 WL 3159624, at *5 (E.D. Mich. June 28, 2018) (citing Mich. Ct. R. 3.411(B)(2)).  In light of the Court's finding above concerning Plaintiff's failure to redeem the property from foreclosure, the Court concludes that Plaintiff has failed to allege facts establishing either an interest or a superiority of her claim to the Property.  Plaintiff has thus failed to state a claim for quiet title.  *See id.* (internal citations omitted).

Accordingly, the Court will dismiss Count I.

### b.  Wrongful Foreclosure by Advertisement (Count II)

Plaintiff next brings a wrongful foreclosure by advertisement claim (Count II).  ECF No. 1-2, PageID.30.  She alleges that the Defendant(s) actions were "intentionally/unintentionally/negligently designed to preclude [her] from keeping possession of her home." *Id.*

-28-

"Non-judicial foreclosures, or foreclosures by advertisement, are governed by statute under Michigan law." *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (citing *Munaco v. Bank of America*, 513 F. App'x 508, 511 (6th Cir. 2013)).  In addition to setting forth "certain steps that the mortgagee must go through in order to validly foreclose," these statutes "provide the mortgagor six months after the sheriff's sale in which to redeem the property." *Id. (citations omitted).*  "Once this statutory redemption period lapses, however, the mortgagor's right, title, and interest in and to the property are extinguished." *Id. (internal quotation marks and citations omitted).  At that juncture, the mortgagor must clear a high bar to have the foreclosure and sale reversed.  See Haywood v. RoundPoint Mortg. Servicing Corp.*, No. 18-10111, 2018 WL 3159624, at *3 (E.D. Mich. June 28, 2018).

The Sixth Circuit has identified that "Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made 'a clear showing of fraud, or irregularity.'"  *Conlin*, 714 F.3d at 359 (citation omitted).  Moreover, a plaintiff seeking to set aside a foreclosure sale "must show that they were prejudiced by defendant's failure to comply with [the foreclosure-by-advertisement statutes].  To demonstrate such prejudice, [the plaintiff] must show that [she] would have been in a better position to preserve [her] interest in the property absent defendant's

noncompliance with the statute." *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012). Importantly, "[t]he misconduct must relate to the foreclosure procedure itself." *Conlin*, 714 F.3d at 361 (citation omitted). "An alleged irregularity in the loan modification process … does not constitute an irregularity in the foreclosure proceeding." *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 294 (6th Cir. 2015) (citation omitted).

As explained above, Plaintiff fails to allege any fraud or irregularities related to the foreclosure proceeding. Moreover, the Court reiterates that on July 2, 2019, five months after the redemption period expired, the Bankruptcy Court held that Plaintiff has no interest in the Property in light of the Sheriff's Sale. ECF No. 2-16. In sum, Plaintiff has not met the burden she must meet in order to have the foreclosure set aside.

Accordingly, the Court will dismiss Count II.

### c. Unjust Enrichment (Count III)

In Count III of her Complaint, Plaintiff brings an unjust enrichment claim (Count III). ECF No. 1-2, PageID.30. She alleges that if the Sherriff's Deed was to stand, Defendant would be unjustly enriched in excess of $25,000 and she would suffer a loss in that amount, in addition to the loss of the Property. *Id.*

The Michigan Supreme Court "has long recognized the equitable right of restitution when a person has been unjustly enriched at the expense of another."

*Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 903 (Mich. 2006) (internal quotation marks and citation omitted).  Whether a party has been unjustly enriched is generally a question of fact, while the question of whether a claim for unjust enrichment can be maintained is a question of law.  *Id.*  Under Michigan law, a plaintiff must establish that (1) a defendant has received and retained a benefit from the plaintiff, and (2) an inequity has resulted in order to plead a claim of unjust enrichment.  *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 280 (Mich. Ct. App. 2003) (citation omitted).  Courts will generally imply a contract to prevent unjust enrichment.  *U.S. ex rel. Walter Toebe Const. Co. v. Guarantee Co. of N. Am.*, 66 F. Supp. 3d 925, 933 (E.D. Mich. 2014 (citation omitted).  They will not imply a contract, however, where there is an express contract governing the subject matter. *Id.*

As discussed *supra*, Plaintiff has failed to plead facts supporting a claim of wrongful foreclosure; accordingly, she has failed to establish inequity.  *See Collins v. Wickersham*, 862 F. Supp. 2d 649, 657 (6th Cir. 2012).  Additionally, the Court denotes that an unjust enrichment claim does not lie where an express contract between the parties covers the same subject matter.  *Belle Isle Grill Corp.*, 666 N.W.2d at 280.  Here, as detailed above, Mountain High Investments granted a

mortgage on the Property to Premium Home Realty on January 23, 2017.[3]  ECF No.

2-5.  The mortgage was recorded on July 25, 2017.  On May 19, 2017, Mountain

High Investments sold the Property to Inheritance Funding Group I through a

Warranty Deed.  ECF No. 2-7.  Plaintiff's signature appears as the "authorized

signor" for Mountain High Investments on this Warranty Deed.  *Id.* at PageID.251.

This deed also reflects a purchase price for the Property of $265,000, which

Inheritance Funding Group I paid for by way of a mortgage with Defendant's

affiliate, RS Lending.  ECF No. 2-8.  Notably, Plaintiff does not present any evidence

to dispute Defendant's attached exhibits which demonstrate the transfer of interest

and mortgage in the Property.  The Court agrees with Defendant that the mortgage

assignment in this matter make up an express contract, and Plaintiff's unjust

enrichment claim is therefore barred.  ECF No. 12, PageID.908.

Accordingly, Plaintiff's unjust enrichment claim (Count III) must also be

dismissed.

### d.  Fraud (Count IV)

Next, Plaintiff brings a silent fraud claim (Count IV).   ECF No. 1-2,

PageID.31.  She avers that Defendant(s) "fraudulently engaged in behavior to induce

Plaintiff to refrain from taking actions, including but not limited to the protection of

---

[3] Plaintiff previously executed a quit claim deed to the Property in favor of Mountain High Investments on January 20, 2017.  ECF No. 2-4.

her legal rights and remedies and seeking alternative financing, while at the same time planning for the Sherriff's Sale of Plaintiff's home and specifically withholding critical information concerning the status of the home." *Id.* at PageID.32.

To prove a claim of fraud under Michigan law, a plaintiff must show that: (1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiffs acted in reliance upon it; and (6) the plaintiff suffered damage. *M & D, Inc. v. W.B. McConkey*, 585 N.W.2d 33, 36 (Mich. Ct. App. 1998). In order to prove "silent fraud," a plaintiff must show (1) the suppression of a material fact, (2) which the defendant in good faith has a duty to disclose. *Id.* at 37. Under Michigan law, "silence cannot constitute actionable fraud unless it occurred under circumstances where there was a legal duty of disclosure." *Id.* (citation and emphasis omitted). Indeed, a claim of silent fraud requires a plaintiff to set forth a "complex set of proofs." *Id.* (citation omitted).

In federal court, when alleging fraud, a party must state with particularity the circumstances constituting the fraud. Fed .R. Civ. P. 9(b); *see also Bennett v. MIS Corp.,* 607 F.3d 1076, 1100 (6th Cir. 2010). The complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3)

-33-

state where and when the statements were made, and (4) explain why the statements were fraudulent." *Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.,* 583 F.3d 935, 942–43 (6th Cir. 2009) (quotation marks and citation omitted).  Moreover, a party must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the opposing party]; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161–62 (6th Cir. 1993) (quotation marks and citations omitted).

Here, Plaintiff has not met this requisite showing.  As stated throughout this Opinion, the foreclosure sale occurred on August 16, 2018 and the statutory redemption period expired on February 18, 2019.  *See* ECF No. 6-10.  Plaintiff commenced the instant action in the Wayne County Circuit Court on March 3, 2020, over a year after the statutory redemption period expired.  Plaintiff must therefore show both that Defendant committed fraud in the foreclosure process, and that she was prejudiced by that fraud, in order to justify setting aside the foreclosure.

As determined *supra* in the analysis on Plaintiff's wrongful foreclosure claim, Plaintiff fails to allege any fraud or irregularities related to the foreclosure proceeding.  She instead alleges generally that "Defendant(s) fraudulently engaged in behavior to induce [her] to refrain from taking actions, including but not limited to the protection of her legal rights and remedies and seeking alternative financing,

-34-

while at the same time planning for the Sheriff's Sale of Plaintiff's home and specifically withholding critical information concerning the status of the home." ECF No. 1-2, PageID.32. Moreover, Plaintiff purports that she has suffered "emotional distress and money damages, including late fees, interest an attorney fees" in excess of $25,000. *Id.*

Notably, Plaintiff fails to specify any statements made by Defendant that were fraudulent, state where and when the fraudulent behavior occurred, or purport why the statements were fraudulent. Plaintiff also fails to allege the "time, place, and content of the alleged misrepresentation" on which she relied and the specific fraudulent scheme. *Coffey*, 2 F.3d at 162. Moreover, the Court denotes that Plaintiff has not submitted any record evidence to dispute her notice of the Sheriff's Deed. Defendant attached a copy of the Sheriff's Deed as an exhibit to its present Motion. *See* ECF No. 2-10.

The Court emphasizes once more that the Bankruptcy Court held that Plaintiff has no interest in the Property in light the Sheriff's Sale. ECF No. 2-16. Specifically, the court ordered that, through the Sheriff's Deed dated August 16, 2018, Defendant has fee simple title to the Property "free and clear of any interest" of Plaintiff. *Id.* at PageID.379.

In sum, the Court will dismiss Plaintiff's fraud claim (Count IV) because it has not been pleaded adequately.

### e.  Request for Conversion to Judicial Foreclosure (Count V)

In Count V, Plaintiff requests her foreclosure be converted to a judicial foreclosure.  ECF No. 1-2, PageID.33.  She cites the statute governing judicial foreclosure and explains the requirements for a judicial foreclosure.  *Id.*  Then, Plaintiff pleads "[i]f they are legally allowed to do so, there would be no prejudice to Defendants if they [were] required to foreclose judicially instead of simply by advertisement."  *Id.*  Plaintiff reincorporates her allegations into her Response to contest Defendant's argument for dismissal.  ECF No. 11, PageID.897–98.

Defendant asserts that there is no foreclosure that could be converted to a judicial foreclosure.  ECF No. 12, PageID.907.  It emphasizes that the foreclosure is complete and has been considered final.  *Id.*  The Court agrees and reasserts that the statutory redemption period has been expired since February 18, 2019.  ECF No. 6-10, PageID.715.  There is thus no foreclosure to convert because it has already occurred.  *See Holliday v. Wells Fargo Bank, N.A.*, 569 F. App'x 366, 370 (6th Cir. 2014).  Plaintiff has therefore failed to state a claim for conversion.  *See also Miller v. Bank of N.Y. Mellon*, No. 19-12826, 2020 WL 475324, at *9 (E.D. Mich. Jan. 29, 2020) (concluding that there were no legal grounds to convert a foreclosure into a judicial foreclosure and that there was no foreclosure to covert because the statutory redemption period had expired).

Accordingly, Plaintiff's request for conversion to judicial foreclosure (Count V) will also be dismissed.

### f. Injunction Relief (Count VI)

Lastly, Plaintiff brings forth an "injunction and other relief" claim.  ECF No. 1-2, PageID.34–35.  Plaintiff again reincorporates her allegations into her Response to contest Defendant's argument for dismissal.  ECF No. 11, PageID.898–99. Plaintiff's claim for injunctive relief, however, is a procedural device that seeks remedy for a cause of action, rather than a separate cause of action.  *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 929 (6th Cir. 2013) (affirming dismissal of a request for injunctive relief because it is a remedy, not a separate cause of action). Accordingly, Count VI must also be dismissed.

In sum, Plaintiff's Complaint does not state a claim for which relief may be granted.

### IV. CONCLUSION

For the reasons articulated above, **IT IS HEREBY ORDRED** that Plaintiff's Motion to Remand [#5] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [#2] is **GRANTED**.

**IT IS SO ORDERED.**

Dated:        March 8, 2021

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 8, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager